**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| **AIZAR MAZARIEGOS** <br> 6911 24th Ave. <br> Hyattsville, MD 20783 <br><br> **ANA CECILIA AYALA** <br> 6911 24th Ave. <br> Hyattsville, MD 20783 <br><br> and <br><br> **CARLOS ALONSO** <br> 1802 Lebanon St. <br> Hyattsville, MD 20783, <br><br> **Each on behalf of himself or herself and other similarly situated persons** <br><br>        Plaintiffs, <br><br>   vs. <br><br> **PAN 4 AMERICA LLC t/a La Baguette** <br> 8861 Papillon Dr. <br> Ellicott City, MD 21043 <br><br>   Serve on:  Un Yong Lee, Resident Agent <br>                  8861 Papillon Dr. <br>                  Ellicott City, MD 21043 <br><br> **SUPER PASTELES LLC dba La Baguette** <br> 1501 University Blvd E <br> Hyattsville, MD 20783 <br><br>   Serve on:  Un Yong Lee, Resident Agent <br>                  8861 Papillon Dr. <br>                  Ellicott City, MD 21043 <br><br>     **and** <br><br> **UN YONG LEE** <br> 8861 Papillon Dr. <br> Ellicott City, MD 21043, <br><br>        Defendants. | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> Case No. 20-CV-2275-_____ <br><br> **COMPLAINT** |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**COMPLAINT**

Plaintiffs Aizar Mazariegos, Ana Cecilia Ayala, and Carlos Alonso, each on behalf of himself or herself ("Plaintiffs") and others similarly situated ("Putative Plaintiffs"), bring this suit against the Defendants Pan 4 America, LLC t/a La Baguette, ("Pan 4 America"), Super Pasteles, LLC dba La Baguette ("Super Pasteles"), and Un Yong Lee ("Ms. Lee"). For their grounds, Plaintiffs state as follows:

**Parties and Jurisdiction**

1. Plaintiff Mazariegos is an adult citizen of Maryland.

2. Plaintiff Ayala is an adult citizen of Maryland.

3. Plaintiff Alonso is an adult citizen of Maryland.

4. Pan 4 America, LLC is a limited liability company formed under the laws of the State of Maryland with its principal place of business in Maryland. Its principal business is the operation of a bakery known as La Baguette located in Hyattsville, Maryland. Pan 4 America was organized on February 10, 2012.

5. On July 24, 2017, Pan 4 America registered the trade name "La Baguette" to be used at 1501 University Blvd E, Hyattsville, Maryland 20783.

6. Super Pasteles, LLC is a limited liability company formed under the laws of the State of Maryland with its principal place of business in Maryland and its principal business being the operation of a bakery known as La Baguette located at 1501 University Blvd E, Hyattsville, Maryland 20783. Super Pasteles was organized on May 8, 2019.

7. Ms. Lee is an adult resident of Maryland.

8. Ms. Lee is the individual who caused Pan 4 America, LLC and Super Pasteles, LLC to be organized under the laws of the State of Maryland.

9. Ms. Lee is the 100% owner of Pan 4 America, LLC.

10. Ms. Lee is the 100% owner of Super Pasteles, LLC.

11. Pan 4 America, LLC and Super Pasteles, LLC form a single enterprise, owned and controlled by Ms. Lee. The two limited liability companies, while nominally different, are the same company, operating seamlessly as one enterprise under the name "La Baguette."

12. Ms. Lee organized Super Pasteles in an effort to circumvent the overtime requirements of the Fair Labor Standards Act of 1938 as amended, 29 U.S.C. §§ 201 et seq. ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401, et seq. ("MWHL"), and the Maryland Wage Payment & Collection Law, Md. Code Ann., Lab. & Empl. § 3-501, et seq. ("MWPCL").

13. The Plaintiffs and the Putative Plaintiffs bring this action for unpaid overtime in violation of the FLSA.

14. The Plaintiffs and Putative Plaintiffs are all former or current employees of the Defendants who were employed at any time during the period of August 6, 2017 through August 6, 2020 ("Collective Action Period") at the Defendants' bakery located at Hyattsville, Maryland ("La Baguette").

15. Pursuant to the preceding, this Court has personal jurisdiction over each of the Defendants, has subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, and constitutes proper venue pursuant to 28 U.S.C. § 1391.

## Collective Action

16. Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following class of potential opt-in litigants ("Putative Plaintiffs"): Individuals who at any time during the Collective Action Period (1) were employed by Pan 4 America and/or

Super Pasteles at La Baguette, and (2) worked more than 40 hours in at least one work week of the Collective Action Period, and (3) were paid on an hourly basis.

17.  The Plaintiffs and the Putative Plaintiffs are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because (1) they have all worked at the same bakery: La Baguette in Hyattsville, Maryland; (2) they have all been subject to the same rules and procedures; (3) they have all performed similar duties and responsibilities; (4) they have all been paid pursuant to the same timekeeping and payroll processes; and (5) they have not been paid the required overtime premium for those hours worked in excess of 40 per week.  Resolution of this action requires inquiry into many common facts, including Defendants' common compensation, timekeeping, and payroll practices.

18.  Each of the named Plaintiffs has given his or her written consent to become a party plaintiff in this collective action under the FLSA, and such consents are attached hereto collectively as Exhibit 1.

## General Allegations

19.  Plaintiff Mazariegos worked at La Baguette from approximately 2015 to April 16, 2020. During his tenure of employment, Plaintiff Mazariegos worked as the store manager. In that regard, he was responsible for supervising approximately thirty-five employees, creating employee schedules, disciplining employees, and handing paychecks to employees. He also was responsible for printing images on sugar paper for other employees to transfer onto cakes. He took pictures and videos of Defendants' products for marketing and menus, and he purchased ingredients and supplies. From time-to-time, Plaintiff Mazariegos also baked when necessary and helped in numerous other manual tasks at La Baguette.

20.  At all times, Plaintiff Mazariegos was paid an hourly wage.

21. Plaintiff Ayala worked at La Baguette from approximately September 2015 to March 25, 2020.  During that period, Plaintiff Ayala took an unpaid leave of absence for the birth of her child in September 2018. She returned to work in approximately December 2018.  On March 25, 2020, Plaintiff Ayala stopped working out of concern for coronavirus. On April 12, 2020, Ms. Lee informed Plaintiff Ayala she was terminated.  During her tenure of employment, Plaintiff Ayala worked as a supervisor. In that regard, she supervised the cashiers and ensuring that the shelves and display cases were well stocked at La Baguette.  She was the manager in charge when Plaintiff Mazariegos was off. She also provided Spanish-language social media marketing for La Baguette.

22. At all times, Plaintiff Ayala was paid an hourly wage.

23. Plaintiff Alonso worked at La Baguette from approximately 2014 to May 17, 2020. During his tenure of employment, Plaintiff Alonso worked as a baker and pastry chef. Plaintiff Alonso was the person in charge of the night shift bakery workers and pastry chefs (6:00 p.m. to 4:00 a.m.) at La Baguette.

24. At all times, Plaintiff Alonso was paid an hourly wage.

25. Throughout the period beginning with each of their dates of hire and ending on August 6, 2020 ("Tenures of Employment"), the Putative Plaintiffs performed non-managerial and non-exempt work involving such tasks as baking, decorating cakes, creating and organizing marketing materials and menus, ordering supplies and ingredients, stocking shelves and display cases, helping and servicing customers, receiving food and supply shipments, organizing food and other goods in storage, cleaning up, and cashier services at La Baguette.

26. Throughout his Tenure of Employment, Plaintiff Mazariegos regularly worked more than 40 hours per work week, all of which were authorized and required by the Defendants.  The

exact number of hours worked each week by Plaintiff Mazariegos can only be determined through discovery, since Defendants were responsible for maintaining the records of his hours worked and wages paid.

27. Throughout her Tenure of Employment, Plaintiff Ayala regularly worked more than 40 hours per work week, all of which were authorized and required by the Defendants. The exact number of hours worked each week by Plaintiff Ayala can only be determined through discovery, since Defendants were responsible for maintaining the records of her hours worked and wages paid.

28. Throughout his Tenure of Employment, Plaintiff Alonso regularly worked more than 40 hours per work week, all of which were authorized and required by the Defendants. The exact number of hours worked each week by Plaintiff Alonso can only be determined through discovery, since Defendants were responsible for maintaining the records of his hours worked and wages paid.

29. Throughout their Tenures of Employment, the Putative Plaintiffs worked more than 40 hours in one or more work weeks, all of which were authorized and required by the Defendants. The exact number of hours worked each week by the Putative Plaintiffs can only be determined through discovery, since Defendants were responsible for maintaining the records of her hours worked and wages paid.

30. For the first part of the Tenure of Employment for Plaintiffs Mazariegos, Ayala and Alonso, each Plaintiff's compensation was paid biweekly, partially in cash and partially by check. Out of these payments, the only documented withholdings were for the FICA taxes and income taxes on the check portion of the weekly compensation. The exact amount of compensation paid to the Plaintiff every two weeks can only be determined through discovery as

the Plaintiff was never provided with documentation concerning the cash compensation paid with every biweekly check.

31.  The cash wages paid to Plaintiffs were in an amount equal to the product of each Plaintiff's hourly wage and the hours worked in excess of forty in each week by such Plaintiff. The payment of cash wages at the straight-time rate for overtime hours was designed by Defendants Pan 4 America and Ms. Lee to obscure the fact that they were not paying the required premium of time-and-a-half for overtime hours worked.

32.  Beginning in approximately May 2019, when Ms. Lee organized Super Pasteles, Defendants changed the part-cash, part-check system of payment to a new pay scheme.  From May 2019 until the end of each Plaintiff's employment, Defendants paid each Plaintiff with two paychecks issued on the same day from two nominally different companies: Pan 4 America and Super Pasteles.  The check from Pan 4 America was for 80 hours in the biweekly period, and the check from Super Pasteles was for the overtime hours each Plaintiff worked at La Baguette in the same biweekly period, all at the straight-time rate.  In some cases, the hourly rate in the Super Pasteles check was slightly higher than the hourly rate on the Pan 4 America check, but the rate was never one and one-half times the regular rate of pay.

33.  Defendants implemented this new pay scheme to cover up the fact that Defendants were not paying the required premium under the FLSA and MWHL for overtime hours worked.

34.  From the start of their Tenures of Employment until May 2019, the Putative Plaintiffs' compensation was paid partially in cash and partially by check.  Out of these payments, the only documented withholdings were for the FICA taxes and income taxes on the check portion of the weekly compensation. The exact number of hours worked and compensation paid each week to the Putative Plaintiffs can only be determined through discovery.

35. From May 2019 until the end of their Tenures of Employment, the Putative Plaintiffs' compensation was paid with two biweekly paychecks: one from Pan 4 America and one from Super Pasteles. The Pan 4 America check was for the first 40 hours in each week (80 hours in the biweekly period), and the Super Pasteles check was for the overtime hours, but at the straight-time rate of pay.  The exact number of hours worked and compensation paid each week to the Putative Plaintiffs can only be determined through discovery.

36. Throughout each Plaintiff's Tenure of Employment, in virtually every week, he or she worked more than 40 hours. Each Plaintiff's pay did not include any overtime premium for those hours worked in excess of 40 in the work week.  Accordingly, for each work week, the Plaintiff is owed one-half of his or her regular rate (calculated each week by taking the remuneration paid and dividing by the number of hours worked) for each hour worked in excess of 40.

37. The number of hours worked, the amount of pay received, and the pay shortage suffered by each Plaintiff during a sampling of the weekly periods during each Plaintiff's Tenure of Employment are set forth in the table below:

**Mazariegos:**

| Week Ending | Hours Worked | Total Pay Received | Regular Rate | Correct FLSA Pay | Shortage |
|---|---|---|---|---|---|
| 03/29/2020 | 60 | $1,240.00 | $20.67/hr. | $1,446.67 | $206.67 |
| 04/05/2020 | 60 | $1,240.00 | $20.67/hr. | $1,446.67 | $206.67 |
| 02/02/2020 | 75 | $1,570.00 | $20.93/hr. | $1,936.33 | $366.33 |
| 02/09/2020 | 75 | $1,570.00 | $20.93/hr. | $1,936.33 | $366.33 |

**Ayala:**

| Week Ending | Hours Worked | Total Pay Received | Regular Rate | Correct FLSA Pay | Shortage |
|---|---|---|---|---|---|
| 12/22/2019 | 44 | $708.00 | $16.09/hr. | $740.18 | $32.18 |
| 12/29/2019 | 44 | $708.00 | $16.09/hr. | $740.18 | $32.18 |
| 05/26/2019 | 56 | $912.00 | $16.29/hr. | $1,042.29 | $130.29 |
| 06/02/2019 | 56 | $912.00 | $16.29/hr. | $1,042.29 | $130.29 |

**Alonso:**

| Week Ending | Hours Worked | Total Pay Received | Regular Rate | Correct FLSA Pay | Shortage |
|---|---|---|---|---|---|
| 04/26/2020 | 60.5 | $968.00 | $16.00/hr. | $1,132.00 | $164.00 |
| 05/03/2020 | 60.5 | $968.00 | $16.00/hr. | $1,132.00 | $164.00 |
| 10/27/2019 | 66 | $1,056.00 | $16.00/hr. | $1,264.00 | $208.00 |
| 11/03/2019 | 66 | $1,056.00 | $16.00/hr. | $1,264.00 | $208.00 |

38. Based upon information and belief, throughout their Tenures of Employment, the Putative Plaintiffs' pay did not include any overtime premium for those hours worked in excess of 40 in the work week. Accordingly, for each work week, each Putative Plaintiff is owed one-half of his/her regular rate (calculated each week by taking the remuneration paid and dividing by the number of hours worked) for each hour worked in excess of 40.

39. Throughout the Plaintiffs' and Putative Plaintiffs' Tenures of Employment. Ms. Lee was an owner, agent, and/or principal of Pan 4 America and Super Pasteles who, in whole or part,

designed, implemented, and/or approved the payroll practices which have resulted in the Plaintiff and Putative Plaintiffs not being properly paid overtime pursuant to the FLSA.

40. The Defendants' failure to pay the required overtime rate to the Plaintiffs and the Putative Plaintiffs was intentional, willful, malicious and in reckless disregard of the Plaintiffs' and Putative Plaintiffs' statutory rights under the FLSA.

## **COUNT 1: Claim by Plaintiffs for Violations of the FLSA**

41. The allegations in paragraphs 1-40 above are realleged, restated, and incorporated herein by reference.

42. The FLSA requires an employer to pay its employees at the overtime rate of one and one-half times the regular rate of pay for the hours worked in excess of 40 hours per work week.

43. None of the Plaintiffs, during his or her Tenure of Employment, qualified under any of the exemptions to the overtime provisions of the FLSA and the relevant regulations. Each Plaintiff was therefore entitled to the FLSA's protections.

44. Defendants did not pay Plaintiffs, during their Tenures of Employment, the required overtime rate of pay for those hours worked in excess of 40 hours per work week, in violation of 29 U.S.C. §207.

45. During each Plaintiff's Tenure of Employment, each Plaintiff qualified as an "employee" and Defendants qualified as an "employer" within the meaning of 29 U.S.C. §203(e) and (d) respectively.

46. During each Plaintiff's Tenure of Employment, Defendants had an annual dollar volume of sales of more than $500,000 per year.

47. During each Plaintiff's Tenure of Employment, Defendants had more than two employees.

48. During each Plaintiff's Tenure of Employment, Defendants qualified as an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. §203(s)(l).

49. During each Plaintiff's Tenure of Employment, Ms. Lee qualified as an "employer" within the meaning of 29 U.S.C. §203(d), and she is therefore liable individually to the Plaintiffs for any damages awarded to the Plaintiffs in this action.

WHEREFORE, the Plaintiffs respectfully request the following relief:

A. An Order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. §216(b);

B. An Order allowing prompt notice, pursuant to 29 U.S.C. §206(b), of this litigation to all potential class members;

C. An injunction prohibiting Defendants from engaging in future violations of the FLSA;

D. Damages, jointly and severally among the Defendants, for all unpaid overtime during each Plaintiff's Tenure of Employment;

E. Liquidated damages in an equal amount to D above;

F. Reasonable counsel fees and costs of this lawsuit to the fullest extent permitted under the law; and

G. Such further and appropriate relief as the Court may deem necessary.

## **COUNT II: Claim by Putative Plaintiffs for Violations of the FLSA**

50. The allegations in paragraphs 1-49 above are realleged, restated, and incorporated herein by reference.

51. The FLSA requires an employer to pay its employees at the overtime rate of one and one-half times the regular rate of pay for the hours worked in excess of 40 hours per work week.

52. During each of their Tenures of Employment, the Putative Plaintiffs did not qualify under any of the exemptions to the overtime provisions of the FLSA and the relevant regulations and were therefore entitled to the FLSA's protections.

53. During each of their Tenures of Employment, the Putative Plaintiffs were not paid the required overtime rate of pay for those hours worked in excess of 40 hours per work week in violation of 29 U.S.C. § 207.

54. During each of their Tenures of Employment, each of the Putative Plaintiffs qualified as an "employee" and Defendants qualified as an "employer" within the meaning of 29 U.S.C. §203(e) and (d) respectively.

55. During the Tenure of Employment of each of the Putative Plaintiffs, Defendants qualified as an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of 29 U.S.C. §203(s)(1).

56. During the Tenure of Employment of each of the Putative Plaintiffs, Ms. Lee qualified as an "employer" within the meaning of 29 U.S.C. §203(d) and each is therefore liable individually to the Putative Plaintiffs for any damages awarded to them in this action.

WHEREFORE, the Putative Plaintiffs respectfully request the following relief and/or that judgment be entered against the Defendants, jointly and severally, as follows:

   A. An injunction prohibiting Defendants from engaging in future violations of the FLSA;

   B. Damages for all unpaid overtime during their Tenures of Employment;

   C. Liquidated damages in an equal amount to B above;

   D. Reasonable counsel fees and costs of this lawsuit to the fullest extent permitted under the law; and

   E. Such further and appropriate relief as the Court may deem necessary.

**COUNT III: Claim by Plaintiffs for Violations of the MWHL (Overtime)**

57. The allegations in paragraphs 1-56 above are realleged, restated, and incorporated herein by reference.

58. The MWHL requires an employer to pay its employees at the overtime rate of one and one-half times the regular rate of pay for the hours worked in excess of 40 hours per work week.

59. During each Plaintiff's Tenure of Employment, the Plaintiffs were not covered under any of the exemptions to the overtime provisions of the MWHL and the relevant regulations, and each Plaintiff was therefore entitled to the MWHL's protections.

60. During each Plaintiff's Tenure of Employment, the Plaintiffs were not paid the required overtime rate of pay for all hours worked in excess of 40 hours per work week, in violation of the MWHL.

61. Throughout each Plaintiff's Tenure of Employment, each Defendant qualified as an "employer" within the meaning of the MWHL and is therefore liable to the Plaintiffs for any damages Plaintiffs suffered from the violations of the MWHL.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, jointly and severally, awarding them the following relief:

- A) An injunction prohibiting Defendants from engaging in future violations of the MWHL's overtime provisions;
- B) Damages for all unpaid overtime during each Plaintiff's claim period;
- C) Pursuant to §3-427 of the MWHL, liquidated damages in an amount equal to the amount in B above;
- D) Reasonable counsel fees and costs of this lawsuit to the fullest extent permitted under the law; and
- E) Such further and appropriate relief as the Court may deem necessary.

## COUNT IV: Claim by Plaintiffs for
## Violation of the Maryland Wage Payment and Collection Law

62. The allegations in Paragraphs 1-61 above are realleged, restated and incorporated herein by reference.

63. The MWPCL requires an employer to pay its employees "wages" on a regular basis. "Wage" is defined under the MWPCL to include "overtime wages."  MWPCL, §3-501(c)(2).

64. During each Plaintiff's Tenure of Employment, each Plaintiff was an "employee" and the Defendants were their "employer" within the meaning of the MWPCL.

65. Defendants regularly failed to pay Plaintiffs overtime wages that were due. Accordingly, Defendants violated the MWPCL's requirement to regularly pay wages earned, including overtime wages.

66. More than two weeks have elapsed from the date on which Defendants were required to have paid such wages.  Accordingly, Defendants violated the MWPCL's requirement to pay wages earned, including overtime wages.

67. The Defendants' failure to pay Plaintiffs for wages earned, including overtime wages at the required overtime rate, was intentional, willful, malicious and in reckless disregard of Plaintiffs' statutory rights under the MWPCL.

68. Defendants' failure to pay Plaintiff for wages earned, including the required overtime premium for overtime hours was not as a result of a bona fide dispute.

69. As a result of the violations by Defendants of the MWPCL, Plaintiffs suffered damages.

**WHEREFORE**, Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendants, jointly and severally, awarding the following relief:

A. Damages for all unpaid wages during each Plaintiff's Tenure of Employment;

B. Pursuant to §3-507.2(b) of the MWPCL, liquidated damages equal to two times the amount in A above;

C. Reasonable attorney fees and costs incurred in connection with the prosecution of this claim; and

D. Any other and further relief that this Court deems appropriate and fair.

                              Respectfully submitted,

                              THE LAW OFFICES OF ROBERTO ALLEN

Dated: August 6, 2020         By: /s/ Roberto N. Allen
                              Roberto N. Allen, Esq., Bar No. 25110
                              3915 National Dr. Ste. 320
                              Burtonsville, Maryland 20866
                              301-861-0202
                              301-861-4354 (fax)
                              rallen@robertoallenlaw.com
                              Counsel for Plaintiffs