**IN THE UNITED STATES DISTRICT COURT
<u>FOR THE DISTRICT OF MARYLAND</u>**

**AIZAR MAZARIEGOS,** *et al.***,**                    *

    **Plaintiffs,**                    *

**v.**                    *          **Case No.: DLB-20-2275**

**PAN 4 AMERICA, LLC,** *et al.***,**                    *

    **Defendants.**                    *

*   *   *   *   *   *   *   *   *   *   *   *   *

<u>**MEMORANDUM OPINION AND ORDER**</u>

Aizar Mazariegos, Ana Cecilia Ayala, and Carlos Alonso filed this collective action for unpaid overtime wages against Pan 4 America LLC t/a La Baguette ("Pan 4 America"), Super Pasteles LLC d/b/a La Baguette ("Super Pasteles"), and Un Yong Lee.  ECF 1.  Pending are Ms. Lee's motion to dismiss, plaintiffs' motions to dismiss Pan 4 America's counterclaim and amended counterclaim, and plaintiffs' motion for conditional certification or for notice to potential plaintiffs and for conditional certification.  ECF 5, 9, 16, 17.  For the reasons stated in this memorandum opinion, Ms. Lee's motion to dismiss is denied and plaintiffs' motions to dismiss are denied as moot.  Plaintiffs' motion for conditional certification remains pending.

**I.**      **Background**

The named plaintiffs and the unnamed putative plaintiffs are current and former employees of Pan 4 America and Super Pasteles.  ECF 8, ¶ 23.  The companies operated a bakery named "La Baguette" where plaintiffs worked.  *Id.* ¶¶ 5, 7, 26.  Mr. Mazariegos worked as a store manager, Ms. Ayala worked as a supervisor, and Mr. Alonso worked as a baker and pastry chef.  *Id.* ¶¶ 28, 30, 32.  The putative plaintiffs worked in non-managerial capacities.  *Id.* ¶ 34.

On August 6, 2020, plaintiffs filed a four-count complaint against Pan 4 America and Super Pasteles in this Court, bringing claims for unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. § 3-501 *et seq.* ("MWPCL").  They also named Ms. Lee, the "100% owner" of both companies, as a defendant.  ECF 8, ¶¶ 10–11.

On October 12, 2020, Ms. Lee filed a motion to dismiss pursuant to Rule 12(b)(2), arguing that, as a member of a limited liability company, she is not liable for any statutory violations by the company.  ECF 5.  In response, on October 26, 2020, plaintiffs filed an amended complaint. ECF 8.  Pan 4 America and Super Pasteles filed an answer, in which Ms. Lee reasserted her motion to dismiss the pleading.  ECF 14, at 1 n.1.

In October 2020, Pan 4 America filed a counterclaim and plaintiffs filed a motion to dismiss it.  ECF 7, 9.  In November 2020, Pan 4 America filed an amended counterclaim and plaintiffs filed a motion to dismiss it as well.  ECF 15, 16.  On February 12, 2021, Pan 4 America filed a motion for voluntary dismissal of the counterclaim, which the Court granted on March 12, 2021. ECF 27, 29.  In light of the dismissal of the amended counterclaim, the motions to dismiss it and the original counterclaim, ECF 9 and 16, are denied as moot.

## II.    Standard of Review

Ms. Lee filed her motion to dismiss pursuant to Rule 12(b)(2), which provides for dismissal for lack of personal jurisdiction.  Ms. Lee does not argue, however, that she does not have the necessary minimum contacts with the state of Maryland for the Court to exercise personal jurisdiction over her.  *See Mylan Lab'ys, Inc. v. Akzo, N.V.*, 2 F.3d 56, 60–61 (4th Cir. 1993) (discussing due process requirements for personal jurisdiction).  Rather, she argues that she is not

subject to liability for the corporate defendants' alleged wage and hour law violations.  This is a Rule 12(b)(6) argument and will be analyzed as such.

A Rule 12(b)(6) motion to dismiss for failure to state a claim "tests the legal sufficiency of a complaint" and "should be granted unless the complaint 'states a plausible claim for relief.'"  *In re Birmingham*, 846 F.3d 88, 92 (4th Cir.), *as amended* (Jan. 20, 2017) (quoting *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012)); *see* Fed. R. Civ. P. 12(b)(6).  To survive a Rule 12(b)(6) motion, the "complaint need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Ray v. Roane*, 948 F.3d 222, 226 (4th Cir. 2020) (quoting *Tobey v. Jones*, 706 F.3d 379, 387 (4th Cir. 2013)).  Stated differently, the complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  When resolving a Rule 12(b)(6) motion to dismiss, the Court accepts the well-pleaded allegations as true.  *See Lokhova v. Halper*, 995 F.3d 134, 141 (4th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses."  *Ray*, 948 F.3d at 226 (quoting *Tobey*, 706 F.3d at 387 (quoting *Twombly*, 550 U.S. at 555)).

## III.    Discussion

An employee–employer relationship is necessary to establish liability under the FLSA.  *See Kerr v. Marshall Univ. Bd. of Governors*, 824 F.3d 62, 83 (4th Cir. 2016).  To state an FLSA claim against Ms. Lee, plaintiffs must allege she was their employer during the relevant time period.  *See id.*  For purposes of the FLSA, an "employer" is "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ."  *Id.* (quoting 29 U.S.C. § 203(d)).  Individuals "with managerial responsibilities and 'substantial control of the terms and conditions of the work of . . . employees'" qualify as employers.  *Id.* (quoting *Falk v. Brennan*, 414 U.S. 190,

195 (1973)).  To determine whether a defendant was an employer under the FLSA, the Court employs the "economic reality test," which "focuses on 'whether the worker is economically dependent on the business to which he renders service or is, as a matter of economic [reality], in business for himself.'"[1]  *Id.* (quoting *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 304 (4th Cir. 2006)).  Under this test, courts consider "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records."  *Id.* (quoting *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999), modified by *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003)).

Here, plaintiffs allege that Ms. Lee owned 100% of Pan 4 America and Super Pasteles and that she managed and controlled the companies' day-to-day operations.  ECF 8, ¶¶ 12–13.  Specifically, plaintiffs allege Ms. Lee had the power to hire and fire them and that she "monitored, supervised, and controlled [their] work schedules, job duties, and the conditions of employment."  *Id.* ¶¶ 14–15.  In addition, they allege Ms. Lee "set and determined [their] rate and method of compensation."  *Id.* ¶ 16.  Also, they claim she "maintained employment records or delegated and supervised the maintenance of employment records."  *Id.* ¶ 18.  These well-pleaded allegations, which, if proven, could establish that Ms. Lee is an "employer" under the FLSA and Maryland

---

[1] "Maryland courts applying the MWHL interpret the term 'employer' *in pari materia* with the FLSA . . . ."  *Ergashov v. Glob. Dynamic Transp., LLC*, No. JFM-15-1007, 2015 WL 13229505, at *5 (D. Md. Nov. 13, 2015) (citing, *e.g.*, *Newell v. Runnels,* 967 A.2d 729, 771–72 (Md. 2009)), *aff'd,* 680 F. App'x 161 (4th Cir. 2017).  And, "[w]hile the MWPCL and FLSA definitions of 'employer' are different, this Court has found that the 'economic reality' test guides the analysis under both statutes."  *Carollo v. Fed. Debt Assistance Ass'n, LLC*, No. RDB-17-1220, 2017 WL 4236734, at *3 (D. Md. Sept. 25, 2017); *see also Campusano v. Lusitano Constr. LLC*, 56 A.3d 303, 308 (Md. Ct. Spec. App. 2012) ("Despite its differences from the Wage and Hour Law, the Payment and Collection Law is sufficiently similar for the economic reality test to apply.").

law, are sufficient to withstand Ms. Lee's motion to dismiss.  *See Kerr*, 824 F.3d at 83.  Therefore, the motion is denied.

**ORDER**

For the reasons stated in this memorandum opinion and order, it is, this <u>23rd</u> day of <u>September</u>, <u>2021</u>, hereby ORDERED that

1.    Ms. Lee's motion to dismiss, ECF 5, is DENIED;

2.    Plaintiffs' motion to dismiss Pan 4 America's counterclaim, ECF 9, is DENIED as moot;

3.    Plaintiffs' motion to dismiss Pan 4 America's amended counterclaim, ECF 16, is DENIED as moot; and

4.    Plaintiffs' motion for conditional certification or for notice to potential plaintiffs and for conditional certification, ECF 17, remains pending.


_____
Deborah L. Boardman
United States District Judge