IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **AIZAR MAZARIEGOS, et al.,** | * | |
| Plaintiffs, | * | CASE NO: 8:20-cv-2275-JKS |
| vs. | * | |
| **PAN 4 AMERICA LLC.** t/a La Baguette, et al., | * | |
| Defendants | ****** | |

## ORDER APPROVING FLSA SETTLEMENT AGREEMENT

Pending before the Court is the parties' Joint Motion to Approve FLSA Settlement Agreement (ECF 79). After careful consideration and review of the parties' joint motion and memorandum thereof, it is hereby:

**ORDERED** that the Settlement Agreement is **APPROVED** as a fair and reasonable resolution of the parties' Fair Labor Standards Act ("FLSA") dispute; [1]

**ORDERED** that the parties' Joint Motion for Judicial Approval of Settlement is **GRANTED.**

---

[1] In reviewing FLSA settlements for approval, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in Lynn's Food Stores." Saman v. LBDP, Inc., No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (citing Hoffman v. First Student, Inc., No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010); Lopez v. NTI, LLC, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must "reflect[] a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Id. The Court thus considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement. Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1355 (11th Cir. 1982); Lomascolo v. Parsons Brinckerhoff, Inc., No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); Lane v. Ko-Me, LLC, No. DKC-10-2261, 2011 WL 3880427, at *2-3 (D. Md. Aug. 31, 2011)). Based on the parties' motion, I find that there are FLSA issues actually in dispute, and the settlement reached by the parties is reasonable. Additionally, based the parties' memorandum and Plaintiff's Counsels' declarations, I find that the amount of attorney's fees agreed upon is also reasonable under the lodestar analysis.

**ORDERED**, that in accordance with Local Rule 111, this case is dismissed without prejudice to the right of a party to move for good cause to reopen the case within thirty (3) days if the settlement is not consummate. If no party moves to reopen, the dismissal shall be with prejudice; and

The Clerk of Court is directed to **CLOSE** this case.

| | |
|---|---|
| _7/31/2023_ | _/s/_ |
| Date | Jillyn K. Schulze |
| | United States Magistrate Judge |